By the Court, Cowen, J.
The evidence objected to, seems to have been treated by the referees as relevant merely to the amount or nature of the consideration expressed in the *603 plaintiff’s assignment; and if it were nothing more, the testimony would have been unobjectionable, within McCrea v. Purmort, (16 Wend. 460,) and the cases there cited. Had the whole stood on the clause acknowledging the payment of the $3000, it can scarcely be questioned that the plaintiff’s oral obligation to pay one third of it, in discharge of the current rent, would "have been admissible in evidence,(a) But there was much more to encounter. Take, as you must, all the papers passing between these parties together, and consider them one instrument—for they were all executed at the same time, and relate to the same subject—you then have an assignment from the plaintiff to the defendant subject to his covenant which is in legal effect to pay all the rent thereafter to accrue; and this, over and above his covenant to pay the plaintiff $3000, in several instalments. These covenants on the part of the defendant are diametrically inconsistent with the obligation sought to be fastened on the plaintiff by oral evidence. The notes, the provisions of the assignment, the express covenant at the bottom, would all be contradicted by it, both in their direct language and legal effect. That cannot be done.(b) The motion to set aside the report must prevail.
Motion granted.

а) See Cowen and Hill’s Notes to 1 Phil. Ev. 1441 et seq. and the cases there cited.

 See Cowen & Hill’s Notes to 1 Phil. Ev. 1420 to 1425.